UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
              :
UNITED STATES OF AMERICA          :    **SEALED APPLICATION**
              :
         - v. -                   :    S4 09 Cr. 443 (PKC)
              :
ROBERT SALAMON,                   :    USDC SDNY
    a/k/a "Robert L. Salamon,"    :    DOCUMENT
    a/k/a "Robert S. Salamon,"    :    ELECTRONICALLY FILED
    a/k/a "Robert Solomon,"       :    DOC #:
    a/k/a "Sam Salamon,"          :    DATE FILED: 7-6-10
              :
         Defendant.               :
              :
- - - - - - - - - - - - - - - - - x

      MICHAEL D. LOCKARD hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

      1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government, joined by the defendant, applies for an order of the Court directing that: (1) Superseding Information S4 09 Cr. 443 (PKC) (the "Superseding Information") and related charging paperwork in this matter be filed under seal until the defendant is sentenced; (2) the transcript of the defendant's July 1, 2010, guilty plea be sealed until the defendant is sentenced; and (3) docketing of the Superseding Information, relating charging paperwork, the defendant's arraignment on the Superseding Information, the

1

defendant's guilty plea, and the transcript of the defendant's arraignment and guilty plea be delayed until the defendant is sentenced.

2. On May 18, 2009, the defendant was arrested on immigration fraud charges. The defendant began cooperating with law enforcement in approximately October 2009. Since that time, the defendant has aided the Government in investigating targets involved in immigration fraud and bribery offenses. He has had continued contact by phone and by text messaging with at least one target of the ongoing investigation. In addition, the defendant has participated in a number of proffer sessions with the Government about his past involvement in immigration fraud and other offenses. It is expected that the defendant might be called upon to testify in connection with future prosecutions arising from the assistance he has provided law enforcement.

3. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing

cooperation); see also Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

4. Compelling law enforcement interests support the requested relief in this case. The investigative targets who are the subject of the defendant's cooperation include several additional individuals involved in immigration fraud, and as discussed above, the defendant has had continued contact with one of these targets. Exposure of the defendant's cooperation would jeopardize ongoing investigations into the investigative targets. An order granting the requested relief would greatly reduce the risk that the defendant's cooperation with the Government will be exposed.

5. The fact of the defendant's cooperation, and the existence and nature of the charges against him, will not be kept sealed indefinitely, however. The Government anticipates that once the defendant is sentenced the need for sealing and delayed

3

docketing will pass and the documents can be unsealed and docketed. Until then, however, the Government respectfully submits that even the docketing of the Superseding Information or related filings, like the waiver of indictment or guilty plea, would provide notice that the defendant is cooperating. Other members of my office have spoken to proffering defendants in a other cases who have indicated that they realized a co-defendant or associate was cooperating with the Government upon hearing that such entries were docketed in the on-line court docketing system.

6. Accordingly, the Government requests that the Court enter an order directing that: (1) the Superseding Information and related charging paperwork in this matter be filed under seal until the defendant is sentenced; (2) the transcript of the defendant's April 27, 2010 guilty plea be sealed until the defendant is sentenced; and (3) docketing of the Superseding Information, relating charging paperwork, the defendant's arraignment, and the defendant's guilty plea be delayed until the defendant is sentenced.

7. The Government also requests that this Application and any related Order be sealed and their docketing delayed until the defendant is sentenced.

8. No prior request for the relief set forth herein has been made.

Dated: New York, New York
July 6, 2010

_/s/ Michael D. Lockard_
MICHAEL D. LOCKARD
Assistant United States Attorney
Southern District of New York
(212) 637-2193